## A. D. WALKER V. JOHN BOH.

1. TAX SALE IN GROSS, *Not Shown.* Under the language of the tax deed in the present case, *held,* that the tax deed does not show a sale in gross of several separate and distinct tracts of land.

2. TAX DEED, *When Statute does not Run For or Against.* Where a tax deed is executed and recorded, and the land at the time is, and continues to be, vacant and unoccupied, and the holder of the tax deed is, and continues to be, except for two or three months, absent from the state of Kansas, the limitation for the commencement of actions contained in subdivision 3, § 16, of the civil code, does not run either in favor of or against the tax deed.

3. TAX DEED; § 141 of Tax Law no Bar to Defense. Where the holder of a tax deed, which has been recorded for more than five years, commences an action to quiet his title against the original owner, and it appears that the land is and has been at all times vacant and unoccupied, and the holder of the tax deed has all the time, with the exception of two or three months, been absent from the state, *held,* that the limitation contained in § 141 of the tax law, for the commencement of actions against the tax purchaser, his heirs or assigns, to recover the land, or to defeat or avoid the tax deed, has not so run as to prevent the defendant from interposing the defense that the tax proceedings prior to the execution of the tax deed were so irregular as to render the tax deed insufficient.

*Error from Pottawatomie District Court.*

ACTION brought by *Boh* against *Walker* and three others, to quiet title. Trial by the court at the November Term, 1883, and judgment for plaintiff. To reverse this judgment, *Walker* brings the case here. The material facts are stated in the opinion.

*Lowell & Walker*, for plaintiff in error.

*R. S. Hick*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced June 27, 1883, in the district court of Pottawatomie county, by John Boh against James Roby, Nancy J. Sellers, Andrew J. Hodge, and A. D. Walker, to quiet title to the east half of the north-

east quarter of section 9, township 7 south, of range 12 east, in said county. The action was not commenced under § 594 of the civil code, nor under any other section of the Kansas statutes, but was commenced as an equitable action under the general principles of equity. The defendant Walker answered, claiming title in himself, denying generally the allegations of the plaintiff's petition, claiming that the plaintiff's cause of action was barred by the statutes, and asking for a judgment for costs. The plaintiff replied by filing a general denial. The other defendants made default. The case as between the plaintiff, Boh, and the defendant, Walker, was tried before the court without a jury, which resulted in a judgment in favor of the plaintiff and against the defendant, quieting the plaintiff's title. The defendant Walker brings the case to this court and asks for a reversal of such judgment.

It appears from the pleadings and evidence, that the plaintiff below, Boh, claims through intermediate conveyances under a tax deed executed by the county clerk of Pottawatomie county to William E. Haxtun, and that the defendant below, Walker, claims by a chain of conveyances under the original title granted by patent from the United States.

The main questions involved in the case are, whether the said tax deed is valid, or not, and whether any statute of limitations has operated either in its favor or against it, or not. The defendant Walker claims that it is void upon its face, for the reason that the tax sale upon which it is founded was a sale in gross of several separate and distinct tracts of land; and this claim is founded upon the following language of the tax deed, to wit:

"*Know all men by these presents*, That, whereas, the following described real property, viz., the east half of the northeast quarter of section (9) nine, the northeast quarter of section (11) eleven, the north half of the northwest quarter of section 26, the south half of the southwest quarter of section twenty-eight (28), all in township seven (7), of range twelve (12), situated in the county of Pottawatomie and state of Kansas, was subject to taxation for the year 1871; and whereas, the taxes assessed upon said real property for the year 1871, aforesaid,

remained due and unpaid at the date of the sale hereinafter mentioned; and whereas, the treasurer of said county did, on the 7th day of May, 1872, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Tuesday of May, 1872, expose to public sale at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, each tract separately, for the payment of taxes, interest and costs then due and unpaid upon said property; and whereas, at the place aforesaid, W. E. Haxtun, of the county of Henry and state of Illinois, having offered to pay the sum of four dollars and fifty-one cents for said east half of the northeast quarter of section nine, the sum of eight dollars and twenty-seven cents for said northeast quarter of section eleven, the sum of five dollars and thirty cents for said north half of northwest quarter of section twenty-six, and the sum of twenty-one dollars and ninety-one cents for said south half of southwest quarter of section twenty-eight, all in township seven, of range twelve, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property for the whole of each of the tracts hereinbefore described, which was the least quantity bid for, and payment of said sums having been by him made to the said treasurer, said property was stricken off to him at that price."

The only objection urged against the tax deed is, that it shows upon its face that the land in controversy was not sold separately from the other tracts or parcels of land mentioned in the tax deed, but that they were all sold together and in gross. Now we do not think that the tax deed in the present case shows this, but on the contrary, we think it shows the reverse; and first, we might say that the general presumption of law, in the absence of anything to the contrary, is that officers perform their duty; and secondly, we would further say, that the present tax deed shows upon its face that each tract of land was exposed to sale separately, and exposed to sale "in substantial conformity with all the requisitions of the statute in such case made and provided;" and Haxtun, the purchaser, offered to pay $4.51 for the land in controversy, and offered to pay a separate sum for each of the other tracts of land, and for each tract separately, and these separate

sums were "the whole amount of the taxes, interest and costs, then due and unpaid on said property for the *whole* of *each* tract," "which was the least quantity bid for," "and payment of said *sums* having been made," the property was stricken off to him. Evidently each tract of land was offered separately, was bid on separately, was sold separately, and was paid for separately; and if so, then the tax deed is unquestionably valid upon its face.

But it is claimed by the defendant Walker, that the tax deed is nevertheless void, for the reason that the sale itself was not properly advertised; and it would seem from the evidence offered to be introduced that the notice of the sale was not sufficient. It reads as follows:

"DELINQUENT TAX LIST FOR 1871.— Notice is hereby given, that the taxes for 1871 are unpaid on the following described lands and town lots in Pottawatomie county, and that they, or so much of each tract as may be necessary, will be sold on the first Tuesday in May next, and succeeding days, for the taxes, penalty and costs then due, if not paid before that time.

"Treasurer's office, Pottawatomie county, Kansas, at Louisville, March 5, 1872.          L. W. CROWL, *Treasurer.*

"Vienna township: E. hf. N. E. qr. Sec. 9, T. 7, R. 12."

The objection to this notice is, that it does not state the place where the land was to be sold. Now while the tax deed is not void for this failure on the part of the tax-sale notice to state the place where the sale was to be made, yet such defect in the notice will render the tax deed voidable, and the same may be set aside if challenged before the statute of limitations has completely run. (*Corbin v. Young*, 24 Kas. 198.) The question, then, to be considered is, whether any statute of limitations has completely run in favor of the tax deed in this case. We would suppose that the limitations contained in the civil code do not apply as against the tax deed; for the land in controversy has at all times been vacant and unoccupied. (*Case v. Frazier*, 30 Kas. 343.) And it has also been held that these limitations do not apply in such a case as this in favor of the tax deed; for the owner and holder of the tax

deed in this case, and the claimant thereunder, was absent from the state of Kansas from the execution of the tax deed, on March 10, 1876, up to May 21, 1883, when the present plaintiff, John Boh, by purchase became the owner and holder of the tax deed, and the claimant thereunder. (See § 21 of the civil code; *Case v. Frazier*, supra.) The tax deed was recorded on March 14, 1876. Besides, this action is not an action for the recovery of real property within the meaning of subdivision 3, § 16, of the Civil Code. The plaintiff, however, claims that the limitation contained in § 141 of the tax law has run in favor of his tax deed, and has barred any claim which the defendant might set up to defeat or avoid the same. That section reads as follows:

"SEC. 141. Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

Now it may be that this limitation has so run in favor of the plaintiff's tax deed that no person can maintain an action against him for the recovery of the land, or to defeat or avoid his tax deed. But this is not such an action. This is not an action "*against*" the plaintiff, but it is an action brought by himself and in his own favor; nor is it an action brought to recover the land or to defeat or avoid the tax deed, but it is an action simply to quiet title upon the assumption that the tax deed is valid, and virtually to bolster up and sustain the tax deed; and the defendant is simply *defendant*, and is not asking for any affirmative relief. Now it does not seem that this limitation reaches any such case as this. The statute seems to be enacted to prevent persons from *instituting* proceedings to defeat or avoid tax deeds after the five years have elapsed, but it does not seem to be enacted for the purpose of preventing persons from defending their rights when attacked. After the five-years limitation has run, the holder of the tax deed may unquestionably retain all that he is in the possession

of under his tax deed, but he must not commence an action to obtain something more without being prepared to meet any defense which the defendant may set up. It is possible, and even probable, however, under this statute, that the defendant in the present case can never maintain any action or set up any claim for affirmative relief that would in its effects defeat or avoid the plaintiff's tax deed; but the statute does not seem to go to the extent of saying that a party claiming an interest in real estate shall not defend himself and his title when attacked, as in the present case. We would think that he may defend, so far as his defense is a pure defense, but he cannot set up or institute anything in his answer or elsewhere for the purpose of obtaining any affirmative relief. If the tax deed would be void except for this statute of limitations, he may say to the tax-deed holder: "You may retain all that you have obtained the possession of under your tax deed, but you cannot by an action take anything more from me under it." In fact, each party may retain just what he has the possession of, but neither party can maintain an action to obtain anything more, except, perhaps, in some cases the plaintiff may be entitled to all the taxes paid by him and by those under whom he claims.

If these views are correct, then the court below erred in refusing to permit the defendant to show that in this action in equity the plaintiff is not entitled to enforce his tax deed as against the defendant; and in refusing to permit the defendant to show this by his showing that the notice of the tax sale was defective, and therefore that the tax sale and the tax deed founded thereon are not good; and the court below also erred in not granting a new trial for this error.

As before stated, a tax-sale notice like the one above quoted will render the tax sale and tax deed founded thereon insufficient, where the statute of limitations has not run in favor of such tax deed; and, under the circumstances of this case, we think that no statute of limitations has so run as to bar the defendant's defense. The defendant may defeat this action,

but it cannot be any benefit to him in any action of his own, or in any claim as a defendant for affirmative relief.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.