Doyle v. Doyle.

The order and judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.

---

P. A. DOYLE, *et al.*, v. MARY DOYLE.

33 721
47 326

33 721
73 601

33 721
77 399

1. TAX DEED; *Fraud; Limitation of Action.* In an action to cancel and set aside a tax deed, the plaintiff alleged that one of the defendants, in consideration of the occupation and use of the plaintiff's land, undertook to pay all taxes that might be levied against it, but that for the purpose of wrongfully depriving the plaintiff of her ownership in the land and acquiring title in himself, he failed to pay the taxes levied thereon, permitted the land to be sold at tax sale, and caused certificates of sale and tax deeds therefor to be issued and executed in the name of his brother, who was a party to the wrong and is one of the defendants. *Held,* That the plaintiff's right of recovery is founded and depends upon the fraud of the defendants, and that the limitation in subdivision 3 of §18 of the code, providing that actions for relief upon the ground of fraud must be brought within two years after the discovery of the fraud, is applicable.

2. PETITION, *Defective on Demurrer.* Where the plaintiff alleges that the fraud was consummated more than two years prior to the commencement of the action, but fails to state when the fraud was actually discovered, the petition will be held defective on demurrer. (*Young v. Whittenhall,* 15 Kas. 579.)

*Error from Davis District Court.*

ACTION by *Doyle* against *Doyle* and another, to cancel certain tax deeds. At the September Term, 1884, the court overruled defendants' demurrer to plaintiff's petition, and rendered judgment for plaintiff. The defendants bring the case to this court. The facts appear in the opinion.

*McClure & Austin,* for plaintiffs in error.

*Ketner & Humphrey,* for defendant in error.

46—33 KAS.

The opinion of the court was delivered by

JOHNSTON, J.: Mary Doyle brought an action against her husband, P. A. Doyle, and his brother, Philip Doyle, in the district court of Davis county, and in her petition alleged substantially, that for many years she had been the owner and in the continuous possession of two tracts of land in Davis county. Her husband resided with her upon the land, and in consideration of the use and occupation of the same he undertook to pay all taxes levied against it; but for the purpose and with the intent to defraud her and acquire title to the land in himself, he purposely neglected to discharge the taxes on the land for the year 1874, and permitted it to be sold at tax sale for taxes; that thereafter he paid the delinquent taxes, together with the interest and costs which had accrued, and caused certificates of sale to be executed in the name of Philip Doyle, his brother. That on September 10, 1878, P. A. Doyle, neglecting to redeem the land from tax sale, and in pursuance of a design and purpose on the part of the defendants to wrongfully deprive the plaintiff of her right, title and ownership in and to said lands, caused two tax deeds to be executed by the county clerk of Davis county in the name of said Philip Doyle, but secretly in trust for P. A. Doyle. These tax deeds were recorded on September 21, 1878, and copies of the same are set forth in the plaintiff's petition. She further alleges that she had no knowledge of the sale of the land for taxes, nor that tax deeds had been executed, until long after such proceedings were had and completed. She therefore asked that the tax sales be declared illegal and void, and that the tax deeds be canceled and held for naught.

To this petition the defendants filed a demurrer, and contended that the petition sets up an action for relief on the ground of fraud, and is barred by the two-years statute of limitations. Another ground of demurrer asserted by the defendants is, that as the suit is against the tax-purchaser to avoid a tax deed which has been recorded more than five years prior

to the commencement of this action, the right to maintain the action has been cut off by the limitation provided in § 141 of the tax law.

The plaintiff's action we think clearly comes within the two-years limitation. She bases her right to relief upon the wrongful design and action of the defendants. In terms, she charges fraud upon the part of both of the defendants, claiming that they were acting in collusion to wrongfully wrest from her the title and ownership of her land. It is charged that P. A. Doyle, who was legally bound to pay the taxes levied against the land, violated his trust and betrayed the plaintiff, by purposely failing to pay the taxes and concealing his neglect from her, and that the taking of the tax-sale certificates and the execution of the tax deeds in the name of Philip Doyle, were all done by the defendants in pursuance of the fraudulent purpose to acquire title to the land in themselves. The acts charged against the defendants certainly constitute a fraud upon the plaintiff, and if the action is maintainable, and the allegations are proven, it follows that the tax deeds should be held illegal and void.

The essential question to be tried in the case, and the real ground of plaintiff's right to recover, is the fraud of the defendants, and therefore that provision of § 18 of the code, limiting the time within which actions for relief on the ground of fraud may be brought, must be held to apply. (*Main v. Payne,* 17 Kas. 608; *Kennedy v. Kennedy,* 25 id. 151; *Duffitt v. Tuhan,* 28 id. 292.) It is expressly provided in the section of the code last referred to, that a cause of action shall not be deemed to have accrued until the discovery of the fraud. In this case it appears that the fraud was consummated when the deed was obtained and recorded, but, while the deed may be and probably is regular upon its face, yet having been fraudulently acquired, it will not of itself divest the original owner of her interest in the land. Neither will it start the statute of limitations relating to tax titles to running. (*Duffitt v. Tuhan,* supra; *Carithers v. Weaver,* 7 Kas. 110.) Nor will the recording of these tax deeds operate as a notice to the plaintiff

of the defendant's fraud.    In such a case there is no construct-
ive discovery.    It has been held that—

"If an agent or tenant should fraudulently allow the lands
of his principal or landlord to be sold for taxes, and take the
deed himself and put it on record, this would not be notice to
the principal or landlord that would set running the statute
that would bar him from an action of relief against the fraud."
(*Duffitt v. Tuhan*, supra.    See also *McCahon v. McGraw*, 26
Wis. 622.)

It is contended, however, by the plaintiffs in error, that the
petition shows the fraudulent action of the defendants to have
occurred more than two years prior to the commencement of
this suit, but as the plaintiff failed to set forth when the fraud
was discovered, or to plead anything which would take the
case out of the operation of the statute, the alleged cause of
action must be deemed to be barred.    The only allegation to
be found in the petition in respect to her knowledge of de-
fendants' action or regarding her discovery of the fraud is as
follows:

"Plaintiff further states that she had no knowledge or in-
formation in respect to the sale of said lands at said tax sale, or
that the same had been sold, or were about to be or had been
deeded in pursuance of such sale, until long after such proceed-
ings were had and completed."

In this respect the petition must be held insufficient. *Young
v. Whittenhall*, 15 Kas. 579, is a case in many respects like the
present one, and there the precise point under consideration
was determined against the pleader.    It was ruled that:

"Where the petition shows upon its face that the fraud upon
which the cause of action was founded was consummated more
than two years before the commencement of the action, the
plaintiff must further set forth in his petition that he did not
discover the fraud until within less than two years before the
commencement of the action, or his petition will be held defect-
ive on demurrer."

From these considerations, it follows that the court erred in
overruling the defendants' demurrer.    It may be remarked,
that if we should disregard the allegation of fraud in the pe-

tition, and treat the action as one to set aside the tax deeds upon grounds other than fraud, the limitation of five years prescribed in § 141 of the tax law would be an effectual bar against the plaintiff. There it is provided that a suit or proceeding against the tax-purchaser, his heirs or assigns, to defeat or avoid a sale and conveyance of land for taxes, shall be commenced within five years from the time of recording the tax deed, and not thereafter. The plaintiff began this action on the 9th day of June, 1884, and as has been seen, the tax deeds were recorded on September 21, 1878. Under this statute, and within the decisions of this court, the original owner cannot maintain an action or set up any claim for affirmative relief that would in effect defeat and avoid the plaintiff's tax deed. (*Walker v. Boh*, 32 Kas. 354; *Myers v. Coonradt*, 28 id. 211.) The limitation of this statute will not, however, prevent the plaintiff from defending her rights in the land when they are attacked by the holder of the tax deed; though in this case it appears that the tax deeds of the defendant, Philip Doyle, are of little if any value. The plaintiff has been in the continuous possession of the land ever since the recording of the tax deeds by Philip Doyle. No action has been brought by him for the recovery of the land, and under subdivision 3 of § 16 of the code his right of action to recover the lands under his tax deeds has long been barred.

The judgment of the district court overruling the demurrer must be reversed, and the cause remanded.

All the Justices concurring.