### L. B. STUMP v. S. C. BURNETT.

No. 13,283. (73 Pac. 894.)

#### SYLLABUS BY THE COURT.

1. TAXATION—*Limitation of Action in Ejectment by Adverse Claimant.* A tax deed of vacant land, valid upon its face, and duly recorded, invests the tax-title holder with constructive possession of the land; and such constructive possession, when uninterrupted by the actual possession of the adverse claimant, perfects the tax deed at the expiration of the five-year period of limitation prescribed by section 141 of the tax law (Gen. Stat. 1901, § 7680), as against affirmative assaults upon it for defects in the proceedings upon which it is based.

2. ———— *Invalid Tax Deed—Ejectment by Holder of Tax Deed.* A tax deed of vacant land, valid upon its face, and duly recorded for five years, may be impeached by way of defense, for defects in the proceedings upon which it is based, when used as a foundation for affirmative relief in an action brought by the tax-title holder, even though the five-year period of limitation prescribed in section 141 of the tax law has elapsed.

| | |
|---|---|
| 67 | 589, |
| e73 | 601 |
| 67 | 589 |
| 75 | 381 |
| 67 | 589! |
| 80 | 331 |
| 67 | 589 |
| d81 | 755 |

Error from Sumner district court; JAMES LAW-RENCE, judge. Opinion filed October 10, 1903. Reversed.

*O. G. Eckstein,* and *Ready & Ready,* for plaintiff in error.

*Ivan D. Rogers,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The question in this case involves the right to impeach, by way of defense, for defects in the proceedings upon which it is based, a tax deed, valid on its face, when used as the foundation for an action of ejectment brought by the tax-title holder more than seven years after the recording of the deed, the land having remained vacant and unoccupied until within two years of the commencement of suit.

Burnett claims title to out-lot 12½, city of Caldwell, under a tax deed for that tract, together with out-lots 14 and 15 in the same city, issued and recorded January 20, 1879. Stump claims title from the original patentee. The lot remained vacant and unoccupied until August, 1901, when Stump took possession of it, which possession he has ever since continued to hold. In November, 1901, Burnett brought this action in ejectment. The defendant made no claim for affirmative relief. Upon a final trial before the court the plaintiff introduced the tax deed, proved the chain of his title under it, proved the facts relating to the possession of the lot, the payment of taxes thereon, and rested. The tax deed is valid on its face, but the proceedings upon which it is based are defective in that the out-lots described are not contiguous tracts of land. Each one is separated from the other by a

street, each one was owned by a separate individual when taxed, and each one was separately taxed and separately sold, but the deed recites a gross sale for a gross sum.   The defendant proved his chain of title and offered to prove the imperfections in the tax proceedings, which were admitted to exist, but upon objection was not permitted to do so, and judgment went against him.   If he should have been allowed to do this the judgment must be reversed.

Section 141 of the tax law (Gen. Stat. 1901, § 7680) reads as follows :

"Any suit or proceeding against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter."

It is perfectly plain that this is an action to procure something which the plaintiff has never enjoyed. He never had actual possession of the land.   He might have taken such possession but he neglected to do so. True, the tax deed, good on its face, cast upon its holder constructive possession, but constructive possession exists only in legal contemplation, and falls far short of the immediate occupation in fact which actual possession requires.   The plaintiff therefore seeks to enlarge the scope of his actual proprietorship and to add to the sum of enjoyment hitherto furnished by his tax deed the new, distinct increment of actual possession.   To do this he commenced an action ; he assailed the party in possession ; he became plaintiff, not defendant ; proceedings were instituted by him, not against him.   The statute quoted says nothing whatever about a suit brought by a tax purchaser to recover from others land sold for taxes.   It relates

solely to the commencement of an action of a different kind. Therefore, it has no application to the facts of this controversy.

In *Walker v. Boh*, 32 Kan. 354, 4 Pac. 272, a tax-title holder brought an action to quiet his title. The defendant offered to show defects in the tax proceedings sufficient to avoid the deed, but was met by the same objection the plaintiff interposes in this action, viz., that the statute of limitations quoted had made the tax deed invulnerable. The court said :

"Now it may be that this limitation has so run in favor of the plaintiff's tax deed that no person can maintain an action against him for the recovery of the land, or to defeat or avoid his tax deed. But this is not such an action. This is not an action, *against* the plaintiff, but it is an action brought by himself and in his own favor ; nor is it an action brought to recover the land or to defeat or avoid the tax deed, but it is an action simply to quiet title, upon the assumption that the tax deed is valid, and virtually to bolster up and sustain the tax deed, and the defendant is simply *defendant,* and is not asking for any affirmative relief. Now it does not seem that this limitation reaches any such case as this. The statute seems to be enacted to prevent persons from *instituting* proceedings to defeat or avoid tax deeds after the five years have elapsed, but it does not seem to be enacted for the purpose of preventing persons from defending their rights when attacked. After the five-years limitation has run, the holder of the tax deed may unquestionably retain all that he is in the possession of under his tax deed, but he must not commence an action to obtain something more without being prepared to meet any defense which the defendant may set up. It is possible, and even probable, however, under this statute, that the defendant in the present case can never maintain any action or set up any claim for affirmative relief that would in its effects defeat or avoid the plaintiff's tax deed ; but the statute does not seem to go to the extent of saying

that a party claiming an interest in real estate shall not defend himself and his title when attacked, as in the present case. We would think that he may defend, so far as his defense is a pure defense, but he cannot set up or institute anything in his answer or elsewhere for the purpose of obtaining any affirmative relief. If the tax deed would be void except for this statute of limitations, he may say to the tax-deed holder : 'You may retain all that you have obtained the possession of under your tax deed, but you cannot by an action take anything more from me under it.' In fact, each party may retain just what he has the possession of, but neither party can maintain an action to obtain anything more, except, perhaps, in some cases the plaintiff may be entitled to all the taxes paid by him and by those under whom he claims.''

It is true that case was an action to quiet title, but the statute in question is as foreign to an action for possession brought by the tax-deed holder as it is to a suit to quiet title brought by the same party. The entire argument of the opinion. is as pertinent to an action for possession as to an action to quiet title, and no difference in principle is observable between a tax-deed holder's seeking to advance his position and augment his dominion by a suit to quiet title, and his striving to do the same thing by an action of ejectment.

The case of *Coale v. Campbell*, 58 Kan. 480, 49 Pac. 604, was one of ejectment brought by a tax-deed holder. The claim of the plaintiff, as stated by the court in the opinion, was as follows :

''On the part of Campbell, it is contended that the tax deed, being valid in form and duly recorded, carried the constructive possession of the land to the grantee ; that, as it remained unchallenged for more than five years, any action attacking its validity became barred ; and that, after the expiration of the pe-

riod of limitation, the title of Douglas under the tax deed became a perfect, absolute title, not subject to attack."

This contention is identical with that of the plaintiff in the present suit. The court in that case disposed of it as follows:

"In this case, the holder of the tax title is not merely defending an action brought to recover possession of the land from him or to declare his deed invalid, but is seeking to recover land in the possession of another."

And referring to *Walker v. Boh*, supra, the court further said:

"The decision is rested on the ground that the holder of the tax deed may invoke section 141 for purpose's of defense, but not of attack. In this case, Campbell, as plaintiff, invoked this section for the purpose of building a title and aiding him in recovering possession of the land."

The precise question involved, therefore, appears to have been but recently determined.

In *Harris v. Curran*, 32 Kan. 580, 4 Pac. 1044, the principle announced in *Walker v. Boh* was recognized and approved. Some confusion, however, has been occasioned by certain statements in the opinion in *Harris v. Curran*, relating to the perfection of title enjoyed by the tax-deed holder after the expiration of the five-year period of limitation. Upon that subject the correct doctrine, as applied to this case, is that a tax deed of vacant land, good upon its face, and duly recorded, invests the tax-title holder with constructive possession of the land; and such constructive possession, when uninterrupted by the actual possession of the adverse claimant, perfects the tax deed at the expiration of the statutory period, as against affirmative

assaults upon it for defects in the proceedings upon which it is based.

If the defendant in this action had sought to avail himself of the defects in the proceedings upon which plaintiff's tax deed was based for the purpose of obtaining affirmative relief, and not as a mere matter of defense, the ruling of the trial court would have been justified.    Such, however, not being the case, the judgment is reversed and the cause remanded for a new trial.

All the Justices concurring.