SAMUEL NICHOLSON V. D. A. HALE.

No. 14,581.    (85 Pac. 592.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Action by a Tax-deed Holder Wrongfully Dispossessed.* Where a tax deed, valid on its face, has been of record for five years, with the tax-title holder in actual possession, and one claiming adversely wrongfully dispossesses him by force, fraud, or stealth, the holder of the tax deed may maintain ejectment to regain what was wrongfully taken from him.

2. ———— *Limitation of Action.* The two-year statute of limitations has no application to such a case.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed May 12, 1906. Affirmed.

*James McDermott*, for plaintiff in error.

*G. H. Buckman*, for defendant in error.

The opinion of the court was delivered by

PORTER, J.: This was an action in ejectment for the possession of a lot in the city of Dexter, Cowley county. In a trial to the court the plaintiff had judgment. The defendant brings error. Each claims title under a different tax deed.

In 1890 the title to the lot was in J. H. Serviss. The taxes for that year were not paid, and in September, 1891, the lot was sold and bid off by Cowley county.

Ten years later—in June, 1901—the county treasurer assigned the certificate to William Greenwell. He assigned it to the plaintiff in error, and, on March 10, 1902, a tax deed was issued to the latter and recorded on the same day. In December, 1902, plaintiff in error also obtained a quitclaim deed from Serviss, the original owner. He claims to have entered into immediate possession of the premises at the time his tax deed was issued.

The taxes for the year 1891 remaining unpaid, the lot was sold again at the regular sale in September, 1892, and the purchaser assigned his certificate to the National Bond and Debenture Company. A deed was issued to that company October 10, 1895, and recorded on the same day. By subsequent conveyances this tax title passed to the defendant in error, who claims by virtue thereof, and, on July 14, 1903, being then out of possession, he brought this action. By section 7654 of the General Statutes of 1901 it is provided that when lands or town lots are bid off by the county they shall not be sold for taxes levied subsequently until they shall have been redeemed or sold by the county, or the tax certificate assigned by the county. It is conceded that this tax deed was voidable. (*Belz v. Bird,* 31 Kan. 139, 1 Pac. 246; *Flint v. Dulany,* 37 Kan. 332, 15 Pac. 208.) But the defendant in error contends that as it was of record for more than five years, during which time he and his immediate grantors had been in possession of the lot, his title thereto cannot be assailed; that his possession was unlawfully disturbed by the plaintiff in error immediately before he brought this action.

Plaintiff in error contends, first, that the right based upon the statute of limitations is a personal one, and is waived unless expressly pleaded. The only issue was ownership and the right to the possession. Under the pleadings in ejectment provided for by the code it is not necessary for plaintiff to state in his petition

how his title or ownership is derived.   (Code, § 595;
Gen. Stat. 1901, § 5082.)

The second contention raises a more serious ques-
tion.   The tax deed under which the defendant in error
claimed was not void on its face, but merely voidable.
With him and his immediate grantors in the actual
possession, what was the effect of the five-year statute
of limitations?   Did it give the defendant in error a
right which he could use affirmatively and assert for
the purpose of recovering the possession of the prem-
ises; or was the right which he thus acquired merely
one that he might use as a defense in case his title and
ownership should be assailed?   It is contended that,
having lost possession, he could not use the five-year
statute for the purpose of seeking affirmative relief.
The cases of *Myers v. Coonradt,* 28 Kan. 211, *Walker
v. Boh,* 32 Kan. 354, 4 Pac. 272, *Doyle v. Doyle,* 33
Kan. 721, 7 Pac. 615, and *Stump v. Burnett,* 67 Kan.
589, 73 Pac. 894, are cited and relied upon.   In the case
last cited the authorities were reviewed, and it was
held that notwithstanding the statute a tax deed valid
on its face and recorded for five years may be im-
peached when used as a foundation for affirmative re-
lief in an action brought by the tax-title holder.   In
that case, however, the land was vacant and unoccu-
pied.   The only possession relied upon was constructive
possession.   This was mentioned as a controlling cir-
cumstance.   It was there said:

"It is perfectly plain that this is an action to pro-
cure something which the plaintiff has never enjoyed.
He never had actual possession of the land.   He might
have taken such possession but he neglected to do so.
True, the tax deed, good on its face, cast upon its
holder constructive possession, but constructive posses-
sion exists only in legal contemplation, and falls far
short of the immediate occupation in fact which actual
possession requires.   The plaintiff therefore seeks to
enlarge the scope of his actual proprietorship and add
to the sum of enjoyment hitherto furnished by his tax
deed the new, distinct increment of actual possession."
(Page 591.)

In the case at bar the party setting up the tax deed claimed to have had actual possession of the lot from a few months after the recording of the tax deed in 1895 until dispossessed by the plaintiff in error. There was evidence tending to support this claim, and the general finding of the trial court may be conceded to have settled that contention in favor of the defendant in error.

An exception to the rule that a statute of limitations can only be used as a shield of defense and not as a weapon of attack is recognized where the person claiming under the statute has been wrongfully dispossessed after the prescribed period has run. He may be restored to his rights in an action for possession and base his claims upon the statute. Tiedeman, in section 740 of the second edition of his work on Real Property, says: "But in any case a temporary recovery of possession by the original owner after the running of the statute of limitations will not affect the disseizor's title, where there has been no voluntary surrender to the original owner." To the same effect see *Hinchman v. Whetstone,* 23 Ill. 185; Angell, Lim. § 380.

Where one has held adverse possession of land for the prescribed period, under a claim of title other than a tax deed, his title becomes absolute. He is not required thereafter to continue his possession in order to protect his rights; and while they have been acquired under a statute which in terms only barred the remedy, and made no provision for extinguishing the title of the original owner or casting it upon the adverse claimant, nevertheless that is the net result, and courts will grant him affirmative relief in an action based upon the title thus acquired. (*Leffingwell v. Warren,* 67 U. S. 599, 17 L. Ed. 261; *Faloon et al. v. Simshauser et al.,* 130 Ill. 649, 22 N. E. 835; *Alexander and others v. Pendleton,* 12 U. S. 461, 3 L. Ed. 624; Angell, Lim., 6th ed., § 381.) The title acquired be-

comes as perfect as a title by deed. (1 A. & E. Encycl. of L. 883.)

If there is any reason why this rule should not apply to the title acquired under a tax deed valid on its face, where the five-year statute has run, it must be found in the nature of the thing itself, and because tax deeds are not favored in the law. It has been said that after the five-year statute has run the holder of the tax deed may retain all that he is in possession of by virtue of it, but that he may not use it to obtain something more. (*Walker v. Boh*, 32 Kan. 354, 4 Pac. 272.) In that case the land was vacant and unoccupied, and the action was not in ejectment but one to quiet the title of the tax-deed holder. Here defendant in error seeks to regain something which he had, and was entitled to, and which was wrongfully taken from him. We think that when a tax deed, valid on its face, has been of record for five years, and the tax-title holder is in possession, claiming by virtue of the tax deed, and one claiming adversely wrongfully dispossesses him by force, fraud, or stealth, the holder of the tax title may maintain ejectment to regain what was wrongfully taken from him. He does not thereby seek to enlarge the scope of his original claim or to add to the sum of enjoyment furnished by his tax deed; but his cause of action arises by virtue of the wrongful disposses-sion, and the courts will permit him to base his claim upon his tax deed and former possession and the wrongful act of the other party. To hold otherwise would encourage reprisals and scrambling for posses-sion, which the law discountenances.

Before the limitation has run the original owner may enter. His entry then is not wrongful, even though made against the will of the person claiming under the tax title. After the limitation has run the owner's right to enter has lapsed. If section 141 of the tax law (Gen. Stat. 1901, § 7680) prevents him after five years from maintaining an action to regain

possession from one holding either actual or constructive possession, how can it be said with reason that he can lawfully acquire any rights by a possession obtained by force, fraud or stealth against the person in actual possession? If he can acquire no rights by possession obtained wrongfully, the courts should be open to the one wrongfully dispossessed, and the parties should be restored to their original position.

There is no force in the claim that the two-year statute of limitations barred the action, or that the defendant in error waived any rights by failure to plead the facts relied upon to avoid the statute. As before observed, the petition was in the statutory form, and it was not necessary for the defendant in error to plead any of the facts relied upon to show his title. He claimed that the lot was in the actual possession of himself and his immediate grantors from 1895, shortly after the deed was recorded, until he was wrongfully dispossessed by the plaintiff in error. The judgment of the trial court settled these contentions in his favor. Under these facts the two-year statute has no application. (*Thornburgh v. Cole*, 27 Kan. 490.) The judgment is affirmed.

All the Justices concurring.