THE GIRARD TRUST COMPANY, *as Trustee, etc., Appellee,* v. IDA JONES *et al., Appellants.*

No. 16,330.

### SYLLABUS BY THE COURT.

1. TAX DEEDS — *Outstanding Titles, Liens or Interests Extinguished.* A tax deed good on its face, which has been of record more than five years, during which time the purchaser has had actual possession of the land conveyed, vests in him an absolute title, which extinguishes and destroys all titles, liens or interests existing when the tax proceedings were had upon which the tax deed is founded.

2. ——— *Defense to Mortgage Foreclosure — Prayer to Have Title Quieted — Validity of Tax Proceedings Not Reviewable.* Where a proceeding is brought to foreclose an extinguished mortgage lien and the holder of the tax deed mentioned is made a defendant and answers setting up his title under the tax deed, the fact that he asks to have his title quieted as against the plaintiff will not justify the court in setting aside his tax deed for irregularities in the tax proceedings nor in adjudging that the land shall be sold to satisfy such mortgage lien.

Appeal from Rawlins district court; WILLIAM H. PRATT, judge. Opinion filed February 12, 1910. Reversed.

*J. P. Noble,* for the appellants.

*Dempster Scott, Justin D. Bowersock,* and *Lester W. Hall,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the Girard Trust Company, trustee, to foreclose a mortgage on a quarter section of land, given by Sherman Dykes in 1889 to secure the payment of his note for $500. In its petition the company alleged that it had acquired the note and mortgage by assignment, and that Dykes, the mortgagor, had been absent from the state for the past ten years. The appellants, who were in possession of

48—81 KAN.

the land, were made defendants, and they answered that in September, 1894, the land was sold for the taxes in 1893, and that in September, 1897, a tax deed was issued to the purchaser, through 'whom they had acquired title, and since that time they had made lasting and valuable improvements upon it. The tax deed under which they held was set forth in the answer by way of defense, and in the prayer of their answer they asked that their title be quieted in them. The tax deed under which they have held possession since 1897 was found by the trial court to be valid on its face, but it was also held to be open to attack for irregularities because appellants had asked for affirmative relief in their answer. The tax deed was set aside for irregularities occurring at the tax sale, the mortgage was foreclosed, and it was decreed that the land should be sold to satisfy the mortgage lien.

These rulings can not be upheld. The purchaser at a tax sale acquires an interest which ripens into a title upon the execution of a tax deed. A valid tax deed vests in the grantee the absolute title to the land, and extinguishes and destroys all titles and liens existing at the time of the tax proceedings upon which the deed is founded. (*McFadden v. Goff*, 32 Kan. 415.) A tax deed is open to attack for irregularities and defects in the proceedings for a period of time after the tax deed is issued, but the five-year statute of limitations provided in section 141 of the tax law (Gen. Stat. 1901, § 7680) cures irregularities and defects, except in cases where the taxes have been paid or the land redeemed as provided by law. In *Edwards v. Sims*, 40 Kan. 235, it was held that "a tax deed that has been recorded in the proper county for more than five years, and under which the tax-deed claimant has been in the actual possession and occupancy of the land, where the land sold for taxes was subject to taxation, and the taxes have not been paid or the land redeemed as provided by law, can not be overthrown by evidence not contained within or upon the face of the deed." (Syllabus.)

In *Walker v. Boh,* 32 Kan. 354, the limitation in section 141 of the tax law was interpreted, and it was held to be a good bar by way of defense, but that the tax-deed holder could not maintain an action to obtain more than was given him under the tax deed. As said in *Harris v. Curran,* 32 Kan. 580, "if he should sue for anything more, the defendant would of course have the right to defend as to the excess." (Page 586.) In the Boh case the holder of the tax deed was the plaintiff and was seeking to get possession of the property, something which he had not been able to obtain under his tax deed. In *Stump v. Burnett,* 67 Kan. 589, the holder of a tax deed instituted an action to obtain possession of the land, a possession which he had never procured or enjoyed under his tax deed. It was held that he could not in that way enlarge the scope of his actual proprietorship and thus obtain actual possession. These cases do not control here, as the appellants have not only a tax deed valid on its face but have had actual possession of the land since the deed was recorded, in 1897. In *Nicholson v. Hale,* 73 Kan. 599, it was ruled that one who had a tax deed good on its face, which had been of record more than five years, and who had had actual possession under the deed, was entitled to protect that possession, and if deprived of it by force, fraud or stealth he could maintain ejectment to recover that which had been wrongfully taken from him.

It is true that appellants, after setting forth their title under the tax deed, did include in the prayer of their answer the formal request to have their title quieted. There was nothing substantial in this prayer, as the granting of it would give them no more than a judgment decreeing that the lien of appellee's mortgage had been extinguished by the tax deed. Appellants were at least entitled to set up the tax deed by way of defense and to prove that it was a valid conveyance which defeated the lien of the mortgage, and a judgment to that effect is as far-reaching and effec-

tive as would be one which quieted their title as against the lien holder. Assuming, however, that the prayer to quiet title as against the appellee asked for more than appellants already had, the appellee might have resisted their claim for such excess, but certainly it could not take from them that which they had already acquired by virtue of the tax deed. It could not vitalize a lien which had been extinguished by a valid conveyance for taxes, where the holder was reinforced by continuous actual possession for more than five years after the deed was recorded.

There is complaint about the abstract, and some reason for the claim that it is incomplete. The remedy for incompleteness is a counter abstract by the appellee supplying omissions and correcting inaccuracies. A counter abstract was made by appellee, and together the two abstracts sufficiently presented the questions determined on this review.

Upon the findings of the trial court the judgment is reversed with directions to enter judgment in favor of the appellants.