P. E. BERG, Revived in the Name of Laura L. Berg
et al., Heirs at Law, etc., *Appellees*, v. GREENBERRY
CHANEY et al. (CHARLES E. GIBSON, *Appellant*).

No. 17,954.

SYLLABUS BY THE COURT.

TAX DEED—*Good on its Face—Of Record Five Years—Holder in
Possession—Valid.* A tax deed good on its face which has
been of record more than five years, during which time the
holder thereof has been in possession of the land conveyed
thereby, can not be avoided or defeated except in cases where
the taxes have been paid or the land redeemed as provided by
law.

Appeal from Hamilton district court.   Opinion filed
May 10, 1913.   Affirmed.

*Thomas A. Scates,* and *Albert Watkins,* both of
Dodge City, for the appellant.

*George Getty,* of Syracuse, for appellees.

The opinion of the court was delivered by

SMITH, J.:  The appellee brought this action in Ham-
ilton county, May 10, 1909, to quiet title to a large
number of tracts of land in that county.   After the
filing of the petition, the appellant having acquired
patent title to two tracts of the land, he was substi-
tuted a defendant in lieu of the prior owners thereof.
The appellee alleged title in himself and that the de-
fendants claim an adverse estate therein, and that such
claim was without right and was a cloud upon his title
which he asked to have removed; he prayed that the
defendants be required to set forth their claims and
that his title be adjudged valid and perfect and quieted
as to all the defendants.

The appellant, in answer, admitted he had an in-
terest in two tracts of the land, and denied the plain-
tiff's claim generally and set up a counter-claim in
ejectment.   At the trial the plaintiff introduced in
evidence a compromise tax deed, good on its face,

issued to himself May 5, 1902, and recorded on the following day. It was founded upon a sale of the lands for taxes in 1894 and embraced also the taxes of 1895 to 1901, inclusive. He also introduced evidence sufficient to establish that he had been in the actual, exclusive and continuous possession of the land from the date of his tax deed.

The appellant offered evidence, which was uncontroverted, that he was the owner of the patent title to the two tracts under mesne conveyances from the patentees. He also offered in evidence the following admission:

"While not admitting the competency, materiality, or relevancy of the testimony couched in this admission, and objecting to such testimony because it is incompetent, irrelevant and immaterial, the plaintiff nevertheless admits that as to the tract of land described in plaintiff's petition as the southeast quarter of Section 25, Township 26, Range 42, that the delinquent tax sale notice and the final redemption notice upon which the tax deed of plaintiff offered in evidence was founded, did not describe the said tract of land in the same manner, nor did either one of such notices describe said tract in the same manner as the same was described upon the tax rolls of this county for the year 1894; and further that the final redemption notice upon which said tax deed is founded did, in so far as it pertains to said tract of land, contain as a part of the amount stated in said notice as being necessary to redeem said land on the last day of redemption the fees of the county treasurer for listing and the printer for printing the delinquent sale notices for the sales of the years 1895, 1896 and 1897.

"By the Court: The court will sustain the objection and the admission will stand as though the proof has been attempted to be made in the record."

The only question involved is whether, in an action brought by a tax-deed holder of land to quiet his title thereto, after he has produced evidence that his deed has been of record more than five years and his possession of the land has been continuous from the date of recording the deed, the patent title holder can defeat

such title by showing such defects in the proceedings leading up to the issuance of the deed as would have defeated the deed had an action for that purpose been commenced before the expiration of the five-year statute of limitations?

The question of the right to use the statute as a weapon of attack instead of a shield of defense does not arise in this case. The evidence of defects in the tax proceedings and tax deed was offered by appellant to attack the title shown by appellee's evidence to be in appellee and thereby to sustain his cross-petition asking that title to the land be quieted. By the provisions of section 9483 of the General Statutes of 1909, both his attack upon the tax deed and his attempt to recover the land were barred.

The appellee's action to have all adverse claims adjudicated and to have his title quieted, asked only to have conclusive evidence placed of record of the rights which the law already had given him. His tax deed, possession and the statute of limitations had "created a fixed status vesting a good title against all adverse claimants such title constitutes a weapon offensive as well as defensive, and the fact that this condition has been brought about by the running of the statute does not change its character or the rights thereunder." (*Freeman v. Funk,* 85 Kan. 473, 480, 117 Pac. 1024.)

That was a case under the fifteen-year statute of limitation, but the principle applies as well to the limitation of actions to defeat a tax deed and possession thereunder. (See, also, *Trust Co. v. Jones,* 81 Kan. 753, 106 Pac. 1052.)

A tax deed good on its face which has been of record more than five years, during which time the holder thereof has been in possession of the land conveyed thereby, can not be avoided or defeated except in cases where the taxes have been paid or the land redeemed as provided by law. (Gen. Stat. 1909, § 9483.)

The judgment is affirmed.