BRADSHAW, Respondent, v. BRADY, Appellant.

(177 N. W. 366.)

(File No. 4504.   Opinion filed April 16, 1920.)

1.  Quieting Title—Tax Title, Possession Under—Finding of Possession, Evidence of Vacant Land, Original Government Owner, Possession of, Finding Unsupported—Non-proof of Seizure Within Twenty Years.

Where in a suit to quiet title, by one holding tax title, trial court found that immediately upon issuance of tax deed grantee thereunder took possesson and paid taxes, that the lots were vacant and unoccupied at time of assessment and tax sale and of issuance and recording of tax deed, and that a few years later defendant owner's predecessor wrongfully dispossessed plaintiff, held, that, the undisputed evidence showing that during such period and for seevral years thereafter the lots were unoccupied and defendant's predecessor erected improvements, and that plaintiff was never in actual possession, defendant's original predecessor acquired title from United States and had never been out of actual or constructive possession, unless issuance and recording of tax title in effect placed its holder in constructive possesson; and the finding was unsustained by evidence. The mere fact that at various times and many years after issuance of tax deed, plaintiff paid a single year's taxes, did not in effect disturb in his possession; that neither plaintiff nor any of his grantors or predecessors in interest under tax deed were seized or possessed of the lots within twenty years before commencement of suit begun some twenty-six years after recording of tax deed.

2.  **Tax Titles—Three Years' Limitation Statute, Applicable to For-**
    **mer Owner, Not Tax Title Holder.**

    The Three-years' Statute of Limitations, Rev. Code 1877, Ch. 28, Sec. 75, (Sec. 2214, Pol. Code 1903, now Sec. 6825, Rev. Code 1919), providing that no action shall be commenced by former owner or grantees under him to recover possession of realty sold and deeded for non-payment of taxes, etc., unless began within three years after recording of deed, is a one-sided statute applying only to former owner, and not to tax holder; it applies only to actions brought by a former owner.

3.  **Same—Constructive Possession, Recording Tax Deed As Record-**
    **ing, Whether Statute Runs On.**

    The mere recording of a tax deed, in form prescribed by statute, does not of itself start the running of the three-year tax title statute; nor would constructive possession follow as a result of such recording.

4.  **Same—Actual Possession Under Deed, Presumed Continuance**
    **Of—Want of Such Proof, Presumption of Possession by Pat-**
    **ent Owner.**

    While, if tax title holder were in actual possession, such possession would be presumed to continue until affirmatively shown othewise, he never having been in actual or constructive possession, it will be presumed the former owners of original title from government have always remained in actual possession, as such owner could only acquire such title by actual possession; which possession will be presumed to continue until terminated by some legal methid.

5.  **Limitations—Recording Tax Deed, Occasional Payment of Taxes,**
    **Effect re Former Owner in Possession, Realty, Twenty Year**
    **Statute— Owner in Possession, Non-necessity of Suit by**
    **Him.**

    Where all that was done by tax deed holder was to record deed and occasionally pay taxes on the land, and then start suit over twenty years after recording, such payments would not disturb former owner in his possession; and until he has been put out of or in some manner molested in his possession, such owner is not required to bring suit within the three-year period to recover possession or to avoid tax deed; that so long as he remains in quiet, peaceable and unmolested possession, such statute has no application to him; limitation laws cannot compel resort to legal procedure by one already in complete enjoyment of all he claims; which enjoyment defendant is shown to have had.

6.  **Tax Titles—Whether Delinquent Owner Should Know Tax Deed**
    **Will be Recorded—Effect of Three-year Statute re Holder's**
    **Right to Sue Indefinitely—Right of Tax Grantee to Take**
    **Adverse Possession.**

Holder of recorded tax deed, may not under the three-year statute after merely recording same, occasionally pay taxes, then sit quietly by for over twenty-five years and then institute suit to recover possession, or to determine adverse claims, as against former owner remaining in unmolested possession; since under tax sale statute certificate holder may hold same years before taking out a deed, which he may hold many years before recording it. Issuance and recording of tax deed would authorize grantee to take actual possession or otherwise molest former owner.

7. **Quieting Title—Unsuccessful Tax Title Plaintiff, Occasional Subsequent Payment of Taxes by, Reimbursement for Allowed.**

Where in a suit to quiet title unsuccessful plaintiff, it appears that holder of recorded tax deed paid a portion of subsequent taxes levied against the realty, but dates on which some payments were made and some of the amounts do not appear, he is entitled upon reversal by Supreme Court, to be reimbursed by defendant owner, for such taxes, with penalties, costs and interest at 7%.

Whiting, J., concurring in part.

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by Henry Bradshaw, against Thomas Brady, to determine adverse claims of title to realty and to recover possession thereof. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded with directions to enter judgment of dismissall upon conditions.

*Kirby, Kirby & Kirby,* for Appellant.

*Kennedy & Kennedy,* for Respondents.

(2) To point two of the opinion, Respondent cited: Cain v. Ehrler, 22 S. D. 536, 146 N. W. 694.

(3) To point three, Appellant cited: Baldwin v. Marion, (Neb.) 20 N. W. 250; Respondent cited, re constructive possession: Steltz, Adm. v. Morgan, (Ida.) 101 Pac. 1057, 28 L. R. A. N. S. 398; Gibson v. McGurrin (Utah) 106 Pac. 669.

(4) To point four, Appellant cited: Thompson v. Pioche, 44 Cal. 509-17.

Respondent cited: Moingona Coal Co. v. Blair, (Ia.) 1 N. W. (282) 768.

(5) To point five Appellant cited: Cooley's Const. Lim. (6th Ed.) p. 449.

McCOY, P. J.   This action was commenced in 1912 to determine adverse claims of title and to recover possession of lots 1 and 2, block 13, town of Worthing.   Plaintiff claims to be the owner of said lots under and by virtue of a tax deed executed and delivered to one Gerber on the 7th day of October, 1886, based on a sale of said land for delinquent taxes made on the 6th day of October, 1884, for taxes assessed and levied for the year 1883; the said tax deed having been filed for record on the 8th day of October, 1886.   The defendant claims title from the United States through various mesne conveyances.   Findings and judgment were in favor of plaintiff, and defendant appeals.

Among other things appellant assigns that there is no evidence to sustain the finding of fact that said lots were legally advertised for sale.   The evidence clearly shows that the notice of sale was defective.   Whether or not such was a jurisdictional defect will not be necessary to be determined, as we are of the view that the determination of this controversy should be based upon other matters which would render the question of notice of sale immaterial.

[1]   As a defense the appellant pleaded that respondent, or any of his grantors or predecessors in interest, were not seized or possessed of said premises within 20 years before the commencement of this action.   The findings of fact in substance recite that immediately upon the issuing of said tax deed, said Gerber took possession of said lots and paid taxes thereon, and that in 1898 defendant's predecessor in title wrongfully dispossessed said Gerber.   There is not a scintilla of evidence to sustain this portion of the findings, except that Gerber paid some taxes on said lots, and that during the whole of 1898 defendant's predecessor was in actual possession.   The same finding by another portion thereof recites that at the time said lots were assessed and sold for taxes, and at the time said tax deed was issued and recorded, the said lots were vacant and unoccupied, and so remained up until the time in 1898 when they were wrongfully entered upon by defendant's predecessor.   The undisputed evidence shows that said lots were unoccupied at the time they were assessed and sold for taxes, and at the time the said deed was issued and recorded, and so remained up until the year 1894, when defendant's predecessor erected a dwelling house upon the premises of which said lots 1 and 2 were then and ever since have been a part.   The undisputed

evidence shows that at no time was said Gerber or anyone claiming under him by virtue of said tax deed, ever in the actual possession of said premises. It appears that appellant's original predecessor acquired title from the United States and that such original owner and his successors in interest have never been out of actual or constructive possession, unless the issuance and recording of said tax deed had the effect of placing the holder thereof in constructive possession as against the former owners.

[2] The respondent, plaintiff below, has pleaded and relies upon the 3-year statute of limitations, section 75, chapter 28, Rev. Code 1877 (in force when said tax deed was issued and recorded), section 2214, Pol. Code 1903, and now section 6825, Rev. Code 1919, to cut off the ownership of defendant. This section reads that no action shall be commenced by the former owner, or by any person claiming under him, to recover possession of any real property which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within 3 years after the recording of such deed. This is a one-sided statute that applies only to the former owner, but not to the tax title holder. It applied only in actions brought by a former owner. Walker v. Boh, 32 Kan. 354, 4 Pac. 272; Stump v. Burnett, 67 Kan. 589, 73 Pac. 894. This is not such an action.

[3] The specific contention of respondent is that the issuance and recording of the tax deed had the legal effect of placing the then tax title holder, under said deed, in constructive possession of the lots in question, and that immediately upon the recording of said tax deed the 3-year limitation commenced to run against the former owner, and that, such former owner not having brought an action within 3 years from the recording of said deed, such former owner and all those thereafter claiming under him have become barred of all right, title, and interest in and to said lots. Immediately upon the recording of said tax deed this limitation statute either did or did not commence to run. This court in Moran v. Thomas, 19 S. D. 469, 104 N. W. 212, and again in Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, held that the mere recording of a tax deed, in the form prescribed by statute, did not of itself start the running of this statute. If merely recording such deed would not start the statute running, it neces-

sarily follows that some other and additional thing must occur to start its operation. The necessary effect of the holding of this court would be that constructive possession would not follow as a result of the recording of a tax deed; otherwise the mere recording would start the running of the statute.

[4] If actual possession had been shown to have been obtained under the tax deed, such possession would be presumed to continue until affirmatively shown otherwise; but, the tax deed holders never having been in actual or constructive possession, it will be presumed that the former owners of the original title from the government have always been in actual possession, as the original owner of the original government title could only acquire title to such land from the United States by actual possession, and which actual possession would be presumed to continue until terminated by some legal method. Jones Ev. 53. Many authorities hold that constructive possession will not result from the mere recording of a tax deed. Morris v. Bank, 17 Colo. 231, 29 Pac. 802; Sunol v. Hepburn, 1 Cal. 254; Groesbeck v. Seeley, 13 Mich. 330; Waln v. Shearman, 8 Serg. & R. (Pa.) 357, 11 Am. Dec. 624; Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558. We are not unmindful of the fact that in some jurisdictions the rule is otherwise, but we are constrained to the view that the rule announced in Groesbeck v. Seeley and Morris v. Bank is the just rule.

[5] In this case it appears that the only things ever done by the tax deed holder were to record the deed, occasionally pay taxes assessed against the land, and start this suit over 26 years after such recording. The occasional payment of taxes was not an act that would in any manner tend to disturb the former owner in his possession. We are of the opinion that until the former owner has been put out of, or in some manner molested in, his possession, he is not required to bring an action within the 3 years to recover possession or to avoid the tax deed. Until the former owner has been molested in his possession, there would be no occasion for him to bring such a suit. So long as the former owner is in the quiet, peaceable, and unmolested possession, the provisions of this statute have no application to him. Limitation laws cannot compel a resort to legal procedure by one already in complete enjoyment of all he claims. Cooley, Const. Lims. pp. 449-523; Groesbeck v. Seeley, supra; Morris v. Bank, supra; Fel-

ler v. Clairk, 36 Minn., 338, 31 N. W. 175.; Baker v. Kelley, 11 Minn. 480 ('Gil. 358). It also appears in this case that appellant and his predecessors in interest have been in full and complete enjoyment, free and unmolested, of every right they could possibly claim in relation to the ownership and possession of the lots in question from the time title was acquired from the government until the beginning of this action.

[6] It has been said that a property owner should know that a tax deed would be 'issued and recorded where he has failed to pay taxes. There would be more force and justice in this statement if the law required tax deeds to be issued and recorded within some designated time after sale; but under our statute the holder of a certificate of tax sale might hold the same for years before taking out a deed, and then might hold the deed for many more years before recording it. We do not believe this limitation statute was ever intended to permit the tax deed holder to merely record his deed, occasionally pay taxes, sit quietly by for over a quarter of a century, and then institute an action to recover possession or to determine adverse claims of title as against a former owner, who has been in no manner molested in his possession. Hence we are of the opinion that the recording of the tax deed in question did not have the effect of placing the grantee named therin in constructive possession of the lots in question. The issuance and recording of said deed undoubtedly authorized said grantee to take actual possession, or to otherwise molest the former owner. We are of the opinion that respondent or any of his grantors or predecessors in interest under said tax deed were not seized or possessed of said lots within 20 years before the commencement of this action.

[7] Other reasons appear from the record which might have avoided said tax deed; but, as the propositions considered are decisive, it will be unnecessary to further discuss the record. It appears that respondent and his predecessors paid a portion of the taxes levied against said lots, but the dates on which some of said payments were made and some of the amounts do not appear.

The judgment and order appealed from are reversed, and the cause remanded, with directions to enter judgment dismissing respondent's cause of action on the merits, but upon the condition that appellant pay to plaintiff all sums paid at the tax sale

and since for taxes, penalties, costs, and interest, that have been paid by respondent on said lots, or by his predecessors in interest, by virtue of said tax sale and tax deed, with interest on each sum so paid at the rate of 7 per centum per annum from the date of each payment, to be hereafter ascertained and found by the court and paid by appellant as a matter precedent to the dismissal of respondents cause af action, and that appellant recover all costs and disbursements on appeal.

WHITING, J. (concurring in part.) While I concur in the result reached in the foregoing opinion, in so far as it denies to the tax title holder the relief sought by him, I cannot concur in holding that the former owner is entitled to any affirmative relief. I do not believe that the decision herein rests in any manner upon any question of "constructive possession." The "constructive possession" spoken of in the majority opinion is a mere legal fiction, indulged in that justice may be done. In view of our statute (section 2846, Rev. Code 1919), giving to one out of possession the right to bring an action to determine title to land claimed, there exists in this case no necessity of invoking this fiction, and therefore no need to discuss it. I am of the opinion that our 3-year statute of limitations is like that of Kansas, and that, in the decision of this case we should follow the opinion in Stump v. Burnett, 67 Kan. 589, 73 Pac. 894.