No. 26,748.

C. E. WILSON, *Appellee,* v. W. M. GLENN et al., *Appellants.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

QUIETING TITLE — *Possession Sufficient Title as Against Defendant Without Title.* A defendant claiming to own real property but having no title to it cannot question the right of the plaintiff lawfully in possession of the property to quiet his title thereto, even if that title is by possession only.

Appeal from Greeley district court; ROSCOE H. WILSON, judge. Opinion on rehearing filed March 12, 1927. Former judgment adhered to. (For original opinion of affirmance see 121 Kan. 467.)

*W. M. Glenn,* of Tribune, *pro se.*

*D. R. Beckstrom,* of Tribune, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: An opinion in this action was filed July 10, 1926. (*Wilson v. Glenn,* 121 Kan. 467.) On the motion of the defendant, a rehearing was granted.

To get a correct understanding of the matters involved it is necessary to restate the entire case. The plaintiff sued to quiet title to real property, lots 13 to 20, inclusive, in block 77 of First addition to Tribune, in Greeley county. Judgment was rendered in his favor, and the defendant appeals.

The petition alleged that the plaintiff was the owner of the property and in the possession of it. The answer alleged that the defendant owned the property in fee simple, but admitted that the plaintiff was in possession of it. The answer also alleged that whatever interest the plaintiff had in the property was based on a void tax deed. The reply attacked the deed under which the defendant claimed title. The defendant did not ask for any affirmative relief. His prayer was that the plaintiff take nothing.

The plaintiff's evidence disclosed that on September 10, 1917, D. R. Beckstrom received a tax deed for the property, caused the deed to be recorded and went on the property, surveyed it, and erected mounds at the corners; that he conveyed the property to the plaintiff on January 19, 1921, who in September of that year commenced the erection of a dwelling on part of it; and that, in

Deeds, 18 C. J. p. 179 n. 83, 84. Quieting Title, 32 Cyc. pp. 1331 n. 75, 1343 n. 58; 12 L. R. A. n. s. 53; 15 R. C. L. 647.

Wilson v. Glenn.

1923, he erected another dwelling on another part and was occupying that dwelling at the time this action was commenced.

The defendant's evidence disclosed that the South Tribune Town and Land Company had been incorporated in 1887 for a period of five years; that the defendant became the owner of all the stock of the corporation, which was largely indebted to him; that the stockholders had agreed that the president of the corporation should convey to the defendant all the lots standing in the name of the corporation; that the president, pursuant to such agreement, turned over to the defendant a large number of deeds properly signed by the president and secretary of the corporation, with its seal attached, but with the name of the grantee and description of the property not written in any of them; that it had been understood by the president and stockholders that the defendant might insert the names of the grantees and the descriptions of the property as he might desire; that the defendant took one of those deeds, inserted his name as grantee, inserted the description of the property in controversy, and recorded the deed thus completed on February 23, 1907.

The defendant did not show and does not argue that the tax deed under which the plaintiff holds was void on its face; however, the defendant did show that the tax deed was invalid because of defective final notice of redemption from tax sale.

The plaintiff had such title and possession as enabled him to maintain an action to quiet that title and possession against any adverse claimant whose title was weaker than his or who had no title at all. (*Brenner v. Bigelow,* 8 Kan. 496; *Gilteman v. Lemert,* 13 Kan. 476; *Cramer v. McCann,* 83 Kan. 719, 112 Pac. 832.) The possession of the plaintiff gave him the right to maintain the action. (*Brenner v. Bigelow,* supra; *Giles v. Ortman,* 11 Kan. 59; *Morrill v. Douglass,* 14 Kan. 293, 301.)

Did the defendant have the right to show that the tax deed was invalid? In *Stump v. Burnett,* 67 Kan. 589, 73 Pac. 894, the second paragraph of the syllabus reads:

"A tax deed of vacant land, valid upon its face, and duly recorded for five years, may be impeached by way of defense, for defects in the proceedings upon which it is based, when used as a foundation for affirmative relief in an action brought by the tax-title holder, even though the five-year period of limitation prescribed in section 141 of the tax law has elapsed."

In that case the court, in the opinion, said:

"If the defendant in this action had sought to avail himself of the defects

in the proceedings upon which plaintiff's tax deed was based for the purpose of obtaining affirmative relief, and not as a mere matter of defense, the ruling of the trial court would have been justified." (p. 595. See, also, *Walker v. Boh*, 32 Kan. 354, 359, 4 Pac. 272; *Johnson v. Wynne*, 64 Kan. 138, 67 Pac. 549; *Nicholson v. Hale*, 73 Kan. 599, 601, 85 Pac. 592; *Salter v. Corbett*, 80 Kan. 327, 331, 102 Pac. 452; *Muckenthaler v. Noller*, 104 Kan. 551, 557, 180 Pac. 453; *Trager v. Elliott*, 106 Kan. 228, 233, 187 Pac. 875.)

The former opinion in this case did not correctly state the law. The defendant had the right to show that the tax deed was invalid, but showing that it was invalid did not defeat the plaintiff's right to have his title by possession quieted against the defendant if the latter had no title to the property.

The deed to the defendant conveyed no title whatever. The author in 18 C. J. 179 says:

"A deed, to be operative, must contain some description or designation of the land intended to be conveyed, and the want of a description of the subject matter, so as to denote upon the instrument what it is in particular, or of a reference to something else which will render it certain, is a defect which makes the deed wholly inoperative."

In *McBride v. Steinweden*, 72 Kan. 508, 83 Pac. 822, this court said:

"An instrument purporting to convey land, in which the description is so vague and uncertain as to be meaningless, and there is nothing in the deed by which the identity of the premises can be ascertained, is void." (Syl. ¶ 7.)

The defendant did not have any title to the property and could not defeat the right of the plaintiff even if the latter's title was simply one of possession.

The former judgment of affirmance is adhered to.