## EVAN W. JONES v. M. C. SADLER.

No. 14,935   (89 Pac. 1019.)

SYLLABUS BY THE COURT.

1. EJECTMENT — *Tax-deed Holder in Possession — Burden of Proving Adverse Possession.* Where the defendant in ejectment is shown to be in possession under a tax deed which is good upon its face and has been of record for.five years the plaintiff cannot attack the deed for latent irregularities without affirmative evidence of an occupancy on his behalf during that period.

2. ——— *Same.* If one who is in the occupancy of real estate under a tax deed can ever be ejected upon the ground that he failed to assert his rights under it within two years, it can only be upon an affirmative showing of an adverse possession for that period.

Error from Chautauqua district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 9, 1907. Affirmed.

*Sproul & Van Tuyl,* for plaintiff in error.

*J. B. Ziegler,* and *Sadler & Ferrell,* for defendant in error.

The opinion of the court was delivered by

MASON, J.:  Evan W. Jones brought ejectment against M. C. Sadler, and, failing to recover, prosecutes error.  The defendant was shown to be in possession of the property in controversy under two tax deeds, each covering a part of the tract and each of which was good upon its face and had been of record for more than five years.  The plaintiff sought to defeat the deeds by showing various latent irregularities which would have been available if urged before the five years had run.  There was no evidence as to the occupancy prior to the bringing of the action. The plaintiff contends that in order to avail himself of the five-year statute of limitation it was incumbent on the defendant to show affirmatively that he had been in possession, or at least that there had been no occupancy adverse to him during that time.

If the land was vacant the effect was the same as though the tax-title holder was in actual possession.

"A tax deed of vacant land, valid upon its face, and duly recorded, invests the tax-title holder with constructive possession of the land; and such constructive possession, when uninterrupted by the actual possession of the adverse claimant, perfects the tax deed at the expiration of the [statutory period]  .  .  .  as against affirmative assaults upon it for defects in the proceedings upon which it is based." (*Stump v. Burnett,* 67 Kan. 589, 73 Pac. 894, syllabus.)

A tax deed which has force enough to draw to the holder a constructive possession of land admitted to be in fact unoccupied has also force enough, in the absence of any evidence whatever on the subject, to raise a presumption of possession by the grantee.  The deed is regarded as valid, and if valid the law presumes the holder, as the legal owner of the property, to have enjoyed its possession.  The burden of proof was on the plaintiff to show that there had been an adverse occupancy, rather than upon the defendant to show that there had been none.  The situation is not at all similar

to that presented where a defendant relies upon a prescriptive right or an adverse occupancy for the period of limitation. Here he claims under a conveyance which appears to be valid; which if valid cuts off all other claims; which requires no actual possession to make it good; and which must be good unless there has been an actual possession against it.

A further objection is made to the deeds that as an action for possession by a tax-title holder is barred in two years the defendant was required to show that he had taken possession within two years from the date of his deed. If this plea were otherwise good it would fail for the reason already stated. The plaintiff as the moving party could build no right upon this statute without an affirmative showing on his part of an adverse occupancy for the period of limitation.

The case of *Jay v. Wilson,* 66 Kan. 765, 71 Pac. 1127, is cited as an authority to the contrary. It was there said of a plaintiff in ejectment who claimed under a tax deed that he was required to show that he had taken possession of the property prior to the expiration of two years from the date of his deed. No question was involved, however, as to the presumption of possession or the burden of proof. There was a conflict of evidence as to which party had had possession, and all that was decided there was that as the finding of the trial court in favor of the defendant had some evidence in its support it could not be reviewed.

Various objections are made to the deeds for matters appearing therein, but none of them is found to be well taken. It is asserted that each conveys several tracts, but this is not true in any sense that affects their validity. The tracts named in each deed are contiguous and are treated as one parcel. Complaint is made of the recital that the property was bid in for taxes, *costs and interest due against the property.* Whether this expression is accurate or not, it is found in the statutory form and cannot vitiate a deed.

The judgment is affirmed.