## L. A. TAYLOR V. H. G. ADAMS.

No. 15,796.   (99 Pac. 597.)

### SYLLABUS BY THE COURT.

1. TAX DEEDS—*Burden of Proving Invalidity.* Where in an action to test the validity of a tax deed the plaintiff owns the fee title, and the defendant is in possession under the tax deed, which the court holds to be good on its face, the burden is upon the plaintiff to show facts which make the deed ineffective.

2. ———— *Possession by Holder of Tax Deed—Presumption.* While it is incumbent upon the holder of a tax deed to take possession thereunder within two years after it is recorded, or at least to prevent adverse possession during that time, yet in an action against a tax-deed holder in possession to test the validity of the tax deed, commenced more than five years after the deed has been recorded, this question must be presented by the pleadings or it can not be considered.

3. ———— *Charging Taxes on Tax-roll in September Instead of November.* Where at a tax sale land, for want of bidders, is taken by the county, and after five years the certificate is assigned and a deed made under the provisions of section 7672 of the General Statutes of 1901, the mere fact that the recitals of the deed show that the taxes which accrued while

Taylor v. Adams.

the land was held by the county were charged against the land on the tax-roll in the month of September of each year, instead of November, will not render the deed void.

4. PRACTICE, SUPREME COURT—*Findings of Fact—Review of Evidence.* A question of fact decided by a court upon conflicting evidence will not be reviewed in this court.

Error from Seward district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed January 12, 1909. Affirmed.

*James Lawrence,* and *Levi Ferguson,* for plaintiff in error.

*Thomas A. Scates,* and *Albert Watkins,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Seward county to test the validity of a tax deed. The tax-deed holder was in possession of the land. The action was commenced by the holder of the fee title. It was conceded that the plaintiff should recover unless the tax deed was valid on its face. The defendant, in his answer, set up the tax deed as a defense. The deed had been recorded more than five years when the action was commenced. The deed was issued under section 7672 of the General Statutes of 1901, and is what is commonly known as a "compromise tax deed."

The first error presented is that the district court held the tax deed good on its face, and then placed the burden of proof upon the plaintiff to establish the deed's invalidity. We are unable to see error in this ruling.

It is contended that before a person can hold possession under a tax deed in an action commenced more than five years after the deed was recorded he must show that his possession under the deed commenced within two years after it was recorded. This does not

seem to apply to this case. The rule that the owner of real estate, in the absence of any evidence to the contrary, will be presumed to have been in possession during the continuance of his ownership applies to an owner under a tax deed. In the case of *Jones v. Sadler*, 75 Kan. 380, 89 Pac. 1019, it was said:

"If one who is in the occupancy of real estate under a tax deed can ever be ejected upon the ground that he failed to assert his rights under it within two years, it can only be upon an affirmative showing of an adverse possession for that period." (Syllabus.)

The only question, however, presented to the district court in this case was whether or not the tax deed was good on its face, and we can not consider any other.

The deed shows in tabulated form that the tax for each year subsequent to the sale was charged up against the sale in September of such year. This, it is urged, avoids the deed; but we are unable to see how this irregularity is material. The amount of tax does not change after it is levied until a penalty is added for non-payment—December 20. It is the same in September as in November.

It is not contended that the provisions of the law providing for compromising taxes were not fully complied with. We are unable, therefore, to see wherein the deed was materially defective. As a defense to the deed the plaintiff alleged an accepted offer to the tax-deed holder for his interest under the deed, which offer, it was alleged, had been kept good by the plaintiff, and she was still ready and willing to comply therewith by paying the sum offered into court. The proof of this defense consisted of correspondence between the parties, which fails to show either an offer or an acceptance; and the defendant, as a witness, denies the existence of any acceptance or offer. In any view, this court can not disturb the judgment of the court upon the facts. If there was any evidence offered in support of the defense, it was conflicting, and

the finding of the court is conclusive here. If, as we think, the evidence for the plaintiff failed, the result is the same.

The judgment of the district court is affirmed.