SWEET, Appellant, v. CHURCH et al., Respondents.

198 N. W. 706.)

(File No. 5258.   Opinion filed April 28, 1924.)

1. **Taxation—Limitation of Actions—Failure to Sue to Avoid Tax Deed Held Not to Preclude Objection Thereto in Action by Holder.**

   Failure of the purchaser of land to bring an action to set aside an outstanding tax deed within three years, as required by Pol. Code 1903, Sec. 2214, held not a waiver of irregularities in such tax deed precluding her from raising same in an action by the holder of it to quiet title.

2. **Taxation—Evidence—Trial—Burden of Proof—Burden Held on Claimant Under Tax Deed, Notwithstanding Prima Facie Effect Thereof to Show Certain Facts.**

   Though under Rev. Code 1919, Sec. 6805 (Pol. Code 1903, Sec. 2213), tax deed is prima facie evidence of truth of facts there in recited and regularity of proceedings, failure to find official oath and bond of assessor in its proper repository is strong presumptive proof that same were never filed, and places on holder of tax deed burden of showing that same were in fact filed.

3. **Taxation—Quieting Title—Tax Deed Held Properly Set Aside for Lack of Proof of Oath and Bond of Assessor.**

   In action by holder of tax deed to quiet title where defendant established that official oath and bond of assessor was not in its proper repository and plaintiff failed to show that same had in fact been filed, held no valid assessment or other act authorizing execution of deed was established and same was properly set aside.

4.  **Taxation—Judgment—Tax Deeds—Proper Decree Setting Aside
    . Tax Deed Stated.**
    .    Where, under findings of fact of trial court, defendant, in
    action by holder of tax deed to quiet title, was owner subject
    to plaintiff's lien for improvements, decree giving plaintiff
    certain options held improper; proper decree being to award
    land to defendant upon payment for improvement within rea-
    sonable time, in default of which title to be quieted in plaintiff.

Appeal from Circuit Court, Beadle County; HON. ALVA E.
TAYLOR, Judge.

Action by H. J. Sweet against Selden M. Church, Catharine
Clifford, and others. Judgment for defendants, and plaintiff ap-
peals. Affirmed on condition; otherwise reversed with direction.

*Null & Royhl,* of Huron, for Appellant.
*Crawford & Crawford,* of Huron, for Respondents.

Appellant cited: Rev. Code 1919, Sec. 2214; Rev. Code 1919,
Sec. 6805; Peters v. Lehr, 24 S. D. 605; Caldwell v. Pearson, 37
S. D. 55.

Respondent cited: Rev. Pol. Code 1903, Sec. 2214; Cain v.
Ehrler, 36 S. D. 127; Rector v. Maloney, 15 S. D. 271; Clifford
v. Hyde County (S. D.), 123 N. W. 872; Bradshaw v. Brady,
38 S. D. 279; McKinnon v. Fuller, 33 S. D. 582; Salmer v.
Lathrop, 10 S. D. 227; Pettigrew v. Moody County, 17 S. D. 275;
McKinney v. Minnehaha County, 17 S. D. 407; Hannah v. Pro-
vine, 28 S. D. 200; Berry v. Howard, 33 S. D. 447; Styles v.
Dickey (N. D.), 134 N. W. 702; Casey v. Smith, 36 S. D. 36;
West v. Middlesex Banking Co., 33 S. D. 465; Morse v. Pickler,
28 S. D. 612.

POLLEY, J. This action was brought by appellant to quiet
title in himself to a parcel of land in the city of Huron. Respond-
ent claims title through a warranty deed executed by the fee
owner in 1894. Appellant claims through a tax deed executed in
1905, based on a tax sale certificate issued in 1892, for the delin-
quent taxes of 1891. The trial court made extended and minute
findings of fact, and from such findings concluded, "as a matter
of law, that the said tax deed, when issued, was and is null and
void." Judgment was entered for defendant, and plaintiff ap-
peals.

[1]  The correctness of the above conclusion is the only ques-

tion that requires consideration. Respondent put in issue the regularity and sufficiency of every act of the city and county taxing officers, leading up to the issuance of said deed, from the appointment of the assessor who made the assessment of the property in 1891 to the execution and delivery of the deed in 1905. On the other hand, plaintiff contends that by the failure of defendant to commence an action to set aside the tax deed within the period of time prescribed by section 2214, P. C. 1903, she waived all of such irregularities, and that the sufficiency of the deed cannot be questioned at this time. Under the rule laid down by this court in Bradshaw v. Brady, 43 S. D. 24, 177 N. W. 366, this contention cannot be sustained. In that case it is said:

"This section reads that no action shall be commenced by the former owner, or by any person claiming under him, to recover possession of any real property which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed. This is a one-sided statute that applies only to the former owner, but not to the tax title holder. It applied only in actions brought by a former owner. Walker v. Boh, 32 Kan. 354, 4 Pac. 272; Stump v. Burnett, 67 Kan. 589, 73 Pac. 894. This is not such an action."

Under this rule section 2214, P. C. 1903, does not bar defendant from setting up irregularities tending to avoid the deed, and the situation is the same as though the action had been commenced within three years after the recording of the tax deed.

[2] The assessment of the property in 1891 appears to have been made by one W. D. Hamilton, but the court found as a fact that—

"No oath of office or official bond of W. D. Hamilton as assessor of property in the city of Huron for the year 1891 is on file in the office of the county auditor of Beadle county, or shown to ever have been on file in his office."

It is contended by respondent that, because of this fact, no legal assessment of the property involved was made in 1891, and that therefore there was no authority for the doing of any of the subsequent acts leading up to the execution and delivery of the deed. Section 2213, P. C. 1903 (section 6805, Code 1919) makes a tax deed prima facie evidence of the truth of all the

facts therein recited, and the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed. But under the rule laid down in Bradshaw v. Brady, 38 S. D. 279, 161 N. W. 195, the failure to find the official oath and bond of assessor in its proper repository was strong presumptive proof that no such oath or bond had ever been filed or that such officer had ever qualified. The burden then devolved on plaintiff to show that such oath and bond had in fact been filed. This the plaintiff failed to do.

It seems to be generally held that, in the absence of evidence tending to show the actual existence and loss or destruction of such a public document, the absence thereof from its legal repository is prima facie evidence that it never existed." Bradshaw v. Brady, supra.

[3] From this it follows that no valid assessment or other act sufficient to authorize the execution or delivery of the deed ever took place, and the deed was properly set aside. This renders a consideration of other defects in the deed unnecessary. But the deed is fair on its face and constitutes color of title.

[4] The court found that, while appellant was in possession of the land, and acting in good faith under such color of title, he had made valuable and permanent improvements thereon. The court then entered a decree to the effect that the respondent is the owner in fee of such land, subject to the lien of the appellant for the amount of the value of said improvements and the amount of taxes with the accrued interest thereon paid by appellant, less the rental value of the land, as found by the court. Appellant is then given 120 days time to remove his improvements, should he so elect. Should he not so elect, respondent is given the right to pay appellant the value of said improvements, as found by the court, together with the amount expended by appellant as taxes with the accrued taxes thereon, less the amount of the rental as found by the court. Appellant is given the further right, if he so desires, to pay respondent for the lot at a value fixed by the court and to retain the same. The decree then provides that, if neither party shall take advantage of either of the several options above set out, the property shall be sold and the proceeds thereof be distributed to the respective parties according to the equities as determined by said decree.

We know of no law authorizing the court to enter the above decree. Under the findings of fact as made by the court, the respondent is the owner of the ground in controversy, but subject to a lien in favor of appellant, for the amount found by the court as above set out.

The judgment appealed from will be modified so as to award the property to the respondent upon the payment to plaintiff of the amount to which he is entitled as found by the court, such amount to be paid within a reasonable time to be fixed by the court, but not to exceed 30 days after the filing of the remittitur, and, if such amount is not paid within the time so fixed, then to enter a decree quieting the title in appellant and barring respondent from any further right or interest in the property.

No costs to be taxed in this court.

Note.—Reported in 198 N. W. 706. See, Headnote (1), American Key-Numbered Digest, Taxation, Key-No. 796(2), 37 Cyc. 1490; (2) Taxation, Key-No. 810(1), 37 Cyc. 1517; (3) Taxation, Key-No. 810(3), 37 Cyc. 1518; (4) Taxation, Key-No. 816, 37 Cyc. 1522.