PITTMAN, Judge.
Under Alabama law, after a parcel of property has been sold because of its owner’s failure to pay ad valorem taxes assessed against that property (see § 40-10-1 et seq., Ala.Code 1975), the owner has two methods of redeeming the property from that sale: “statutory redemption” (also known as “administrative redemption”), which requires the payment of specified sums of money to the probate judge of the county in which the parcel is located (see § 40-10-120 et seq., Ala.Code 1975), and “judicial redemption” under §§ 40-10-82 and 40-10-83, Ala.Code 1975, which involves the filing of an original civil action against a tax-sale purchaser (or the filing of a counterclaim in an ejectment action brought by that purchaser) and the payment of specified sums into the court in which that action or counterclaim is pending. See generally William R. Justice, “Redemption of Real Property Following Tax Sales in Alabama,” 11 Cumb. L.Rev. 331 (1980-81).
These appeals, which were transferred from the Alabama Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975, are taken from a judgment of the Mobile Circuit Court permitting judicial redemption from First Properties, L.L.C. (“the assignee”), of a parcel of real property by James A. Bennett (“the owner”). The sole issue presented by the assignee’s appeal is whether the judgment should be reversed because the owner was permitted to effect redemption at any time within three years from the entry of the judgment. The owner’s conditional cross-appeal, which seeks review of the trial court’s judgment only in the event the judgment is reversed as a result of the assignee’s appeal, concerns only the length of time that he should be allotted to effect redemption of the property if the judgment under review is reversed.
The record reveals that in 1988 the owner purchased two lots subject to a vendor’s lien that was ultimately satisfied. In April 1999, the Mobile County Probate Court entered a judgment ordering that the two lots were to be sold because the ad valo-rem taxes on the property due in 1998 had not been paid; the property was then sold in June 1999 to a business entity named “ESI-97,” and a certificate of sale was then issued to ESI-97. ESI-97 obtained a tax deed to the property in October 2002, sent a letter to the owner demanding possession of the property, and thereafter conveyed its interests in the property via a quitclaim deed to the assignee in March 2005.
In May 2005, the assignee brought an ejectment action against the owner in the *655 trial court pursuant to Ala.Code 1975, § 40-10-74, which provides, in pertinent part:
“Any purchaser of lands at a tax sale other than the state or anyone claiming under him shall be entitled to possession of said lands immediately upon'receipt of certificate of sale from the tax collector; and, if possession is not surrendered within six months after demand therefor is made by said purchaser or his assignee, the said purchaser or his assignee may maintain an action in ejectment or a statutory real action in the nature of ejectment, or other proper remedy for the recovery of the possession of the lands purchased at such sales and shall be entitled to hold the possession thereof on recovery, subject, however, to all rights of redemption provided for in this title.”
The owner answered the complaint, admitting, among other things, that the assignee had been conveyed title to the property and that he had been given proper notice to vacate. The owner in August 2005 asserted a counterclaim in which he asserted a right to redeem the property from the assignee by paying accrued ad valorem taxes and interest. In that regard, the version of Ala.Code 1975, § 40-10-83, that was applicable to pre-2002 tax sales provided, in pertinent part:
“When the action [referred to in § 40-10-74] is against the person against whom the taxes were assessed or the owner of the land at the time of the sale, his heir, devisee, vendee or mortgagee, the court shall, on motion of the defendant made at any time before the trial of the action, ascertain the amount paid by the purchaser at the sale and of the taxes subsequently paid by the purchaser, together with 12 percent per annum thereon, and a reasonable attorney’s fee for the plaintiffs attorney for bringing the action, and shall enter judgment for the amount so ascertained in favor of the plaintiff against the defendant, and the judgment shall be a lien on the land sued for. Upon the payment into court of the amount of the judgment and costs, the court shall enter judgment for the defendant for the land, and all title and interest in the land shall by such judgment be divested out of the owner of the tax deed.”
The assignee filed a motion for a summary judgment in its favor, supported by documents detailing its tax title and its expenditures in connection with the property and the ejectment action against the owner; however, that motion was not ruled on. After the trial court held a hearing, a judgment was entered on May 5, 2006, declaring that the assignee was “entitled to immediate possession of the” property but that, the owner was entitled to redeem the property by paying into court the sum of $55,824.01 and “all subsequent ad valorem taxes paid by [the as-signee]” plus postjudgment interest of 12% within three years of the entry of the judgment.
Although' there is in the appellate record no transcript of the hearing held in the trial court, the assignee notes, and the owner agrees, that the essential facts in the case-are undisputed. We agree with the parties’ contention that in such a case an appellate court “must determine whether the trial court misapplied the law to the undisputed facts, applying a de novo standard of review.” Continental Nat’l Indent. Co. v. Fields, 926 So.2d 1033, 1035 (Ala.2005).
As we have noted, the version of § 40-10-83 that was applicable to pre-2002 tax sales specifically provided for the entry of a preliminary money judgment in an ejectment action in favor of a plaintiff and against the owner of the land at the *656 time of the tax sale, and states that the plaintiffs interest in the land may be divested by payment into court of the sums set forth in the preliminary money judgment. However, § 40-10-83 does not place a rigid time limit upon the payment of those sums, and no Alabama case cited by the parties or discovered in our research has suggested a minimum or maximum time for effecting “judicial redemption” by paying such sums into court. Absent such authority, we cannot agree with the assignee that the trial court lacked jurisdiction to enter a judgment that permits the owner to pay the sums owed to the assignee within three years. That is because a judicial-redemption claim brought under § 40-10-83 sounds in equity, not in law (see State Dep’t of Revenue v. Price-Williams, 594 So.2d 48, 50 (Ala.1992)), and it is well settled that a judgment in equity can be final as to some issues and contemplate further proceedings as to others. See Norris v. Norris, 406 So.2d 946, 948 (Ala.Civ.App.1981). Thus, the trial court could properly have concluded that it could, upon payment of the sums set forth in its judgment necessary to redeem the property at some future date that might be more than 30 days after its judgment, act upon that judgment at that time so as to divest the assignee of its rights in the property.
Our conclusion that the trial court had jurisdiction to permit redemption more than 30 days after the entry of its preliminary money judgment does not, however, foreclose consideration of the correctness of that judgment. Although, as we have noted, the applicable version of § 40-10-83 is silent on the matter, it is the prevailing rule in American jurisdictions that a judgment allowing redemption from a tax sale should afford no more than a “reasonable time” for redemption to take place. See 85 C.J.S. Taxation § 1342 (2001); Taylor v. Arndell, 192 Ky. 249, 253, 232 S.W. 658, 660 (1921) (interpreting lower court’s judgment so as to have implicitly allowed a “reasonable time” to effect redemption, “which could not have exceeded a few days”); Larson v. Peppard, 38 Mont. 128, 137, 99 P. 136, 138 (1909) (indicating that delinquent taxpayers should have a “reasonable time, say thirty days,” within which to pay sums owed to tax purchaser’s assignee); Hill v. Street, 215 N.C. 312, 317, 1 S.E.2d 850, 853 (1939) (directing lower court to allow redeeming parties “a reasonable time” to pay sums owed tax purchaser); and Sweet v. Church, 47 S.D. 299, 303, 198 N.W. 706, 707 (allowing owner’s assignee “a reasonable time to be fixed by the [lower] court, but not to exceed 30 days,” in which to effect redemption).
Notably, none of the cases espousing a “reasonable time” limitation upon effecting redemption support the proposition that a 3-year period is a “reasonable time”; indeed, Taylor, Larson, and Sweet suggest that allowing a period of more than 30 days to effect judicial redemption would be treasonable. Moreover, the facts of this case are egregious: the owner failed to pay ad valorem taxes in 1998, triggering a tax sale in June 1999, and thereafter allowed the three-year period allowed for administrative redemption under § 40-10-120 et seq., Ala.Code 1975, to elapse without taking any action to redeem the property, all the while remaining in possession of the property. It was only in August 2005, more than six years after the tax sale had taken place (and after the assignee’s ejectment complaint had been filed in May 2005), that the owner could be bothered to offer to “do equity” by asserting a judicial-redemption counterclaim under § 40-10-83. The owner has already, in effect, been given more than a “reasonable time” to redeem the property after *657 the June 1999 tax sale. We must agree with the assignee that the trial court erred in allowing the owner an additional three years from May 5, 2006, within which to effect the right of judicial redemption declared in that court’s judgment; we thus reverse the trial court’s judgment as to that issue.[1]
Because we have concluded that the judgment is due to be reversed as a result of the appeal, the condition specified in the owner’s conditional cross-appeal has occurred, and that cross-appeal is ripe for review. However, the owner’s appellate brief does not, in contravention of Rule 28(a)(10), Ala. R.App. P., cite any legal authority in support of his contention that he should be afforded a 30-day period as of right “from any adverse ruling” on appeal within which to effect judicial redemption. We thus affirm as to the cross-appeal on the authority of Stone & Webster Construction, Inc. v. Lanier, 914 So.2d 869, 878 (Ala.Civ.App.2005). However, we would remind the parties that this court’s certificate of judgment as to these appeals will not issue for at least two weeks from the issuance of our opinion (see Rule 41, Ala. R.App. P.); further, we note that under our mandate the trial court will be required to enter a judgment on remand that permits the owner a “reasonable time” within which to redeem the property. In practical terms, the owner may yet have a significant amount of additional time to obtain the funds necessary to effect judicial redemption pursuant to the terms of the trial court’s judgment as amended on remand — perhaps even more than the 30 days sought by the owner.
The cause is remanded to the trial court for that court to amend its judgment so as to specify a “reasonable time,” consistent with our opinion, within which the owner is to pay the sums specified in the trial court’s May 5, 2006, judgment and effect judicial redemption of the property at issue or thereafter be divested of all right and title to that property.
APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — AFFIRMED.
THOMPSON and MURDOCK, JJ., concur.
BRYAN, J., concurs in the result, without writing.
CRAWLEY, P.J., dissents, with writing.

. Rabren v. Osmon, 613 So.2d 390 (Ala.1993), cited by the owner, is not inconsistent with our holding; although an owner of real property sold for taxes may, under Ala.Code 1975, § 40-10-82, be entitled to a three-year period after having lost possession of a parcel of property to a tax purchaser within which to bring a judicial-redemption claim against the purchaser under § 40-10-83, there is no such right to an additional three years within which to satisfy a judgment into which such a claim has merged.